UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAIRY ROSS,

    Plaintiff,
v.

MMI ASSET MANAGEMENT GROUP,
LLC, a Nevada limited liability
company,

    Defendant.
_____ /

Case No. 24-10342

F. Kay Behm
United States District Judge

## ORDER GRANTING EMERGENCY MOTION FOR LEAVE TO WITHDRAW AS DEFENDANT'S COUNSEL (ECF No. 9)

This case is before the court on Defendant's counsel, Alari K. Adams and A|Squared Legal Group, PLC's emergency motion for leave to withdraw as Defendant's counsel. (ECF No. 9). Ms. Adams asserts that she recently "became aware of health issues that will prevent her from continuing to provide the Defendant with adequate legal representation for the foreseeable future," and requests leave to withdraw. *Id.*, PageID.122. Pursuant to E.D. Mich. LR 83.25, attorneys may only withdraw upon an order of the court. E.D. Mich. LR 83.25(b)(2). Michigan's Rules of Professional Conduct ("MRPC") allow an attorney to withdraw for a limited number of reasons, including if "the lawyer's physical or

1

mental condition materially impairs the lawyer's ability to represent the client. Mich. R. Prof'l Conduct 1.16(a)(2).  However, courts may still forbid withdrawal if it would "work severe prejudice on the client or third parties."  *Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009) (citing *Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 310 F.3d 537, 541 (7th Cir. 2002)).

In this case, Ms. Adams has demonstrated good cause to withdraw, as she claims her health issues will impact her ability to continue to represent her client to the standard required by the MRPC.  However, because Defendant MMI Asset Management Group, LLC is a limited liability company, they cannot proceed in federal court unless they are represented by a licensed attorney.  *See Rockford Bank & Tr. v. Tricon Sec. Grp., LLC*, No. 2:18-CV-13529, 2019 WL 11718807, at *1 (E.D. Mich. Feb. 4, 2019) (citing *Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007)) ("[Defendant] is a limited liability corporation, so it must be represented by a licensed attorney at all times.").  Without Ms. Adams' representation, this case cannot meaningfully continue until Defendant obtains new counsel.  Given these considerations, the court **GRANTS** Ms. Adams' motion to withdraw as counsel.  However, to alleviate any potential prejudice to Defendant, the court will **STAY** all current deadlines in this case for 30 days to allow Defendant sufficient time to obtain new counsel.  This includes the deadline for Defendant's

response to Plaintiff's motion for summary judgment, currently due March 25, 2024, and video scheduling conference set on April 4, 2024.  (*See* ECF No. 9, PageID.122).  A status conference with all parties will be held on **April 18, 2024** at **9:30 am**, at which point the court will discuss how the case will proceed.

Finally, before Ms. Adams can formally withdraw, she must provide the court with current contact information for her client, including a name and phone number.[1]  Ms. Adams' withdrawal will take effect once the court receives this information.

**SO ORDERED**.

Date: March 19, 2024                             s/F. Kay Behm
                                                 F. Kay Behm
                                                 United States District Judge

---

[1] This information can be emailed to Judge Behm's Judicial Assistant, Denise Churchill, at denise_churchill@mied.uscourts.gov.

3