UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAIRY ROSS,

    Plaintiff,

v.

MMI ASSET MANAGEMENT GROUP,
LLC, a Nevada limited liability
company,

    Defendant.
_____ /

Case No. 24-10342

F. Kay Behm
United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION TO EXTEND TIME TO FILE A RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 15)**

    This case is before the court on Defendant MMI Asset Management Group, LLC's motion to extend the time to file a response to Plaintiff Fairy Ross' motion for summary judgment (ECF No. 8).  (ECF No. 15).  Plaintiff initially filed their motion for summary judgment on March 8, 2024, arguing Defendant has provided no viable defenses and has breached the two relevant promissory notes as a matter of law.  (ECF No. 8, PageID.104).  On March 18, 2024, Defendant's counsel filed an emergency motion for leave to withdraw based on sudden health issues.  (ECF No. 9, PageID.122).  The court granted her motion on March 19, 2024 and stayed all relevant deadlines in the case for 30 days to allow Defendant to obtain substitute counsel, including the deadline for Defendant to file a response to

Plaintiff's pending motion for summary judgment. (ECF No. 10, PageID.127). The court then held two status conferences with the parties, one on April 16, 2024, and one on May 15, 2024. (*See* ECF Nos. 11, 13). At the April 16, 2024 status conference, the court warned Defendant that a new attorney was expected to appear at the May 15, 2024 status conference and be ready to discuss the pending motion for summary judgment. (*See* ECF No. 17, PageID.142). Approximately 40 minutes after the May 15, 2024 status conference, Attorney Rejanae Thurman entered an appearance on behalf of Defendant, but did not appear at the status conference, citing a scheduling conflict. (ECF No. 14); (ECF No. 15, PageID.133) ("Counsel's firm was on the record in a hearing that had extended two additional hours beyond the expected time and could not join the conference at the time set.").

On May 17, 2024, Defendant filed a motion to extend the time to respond to Plaintiff's motion for summary judgment, arguing "good cause exists to grant an extension as they were just recently retained and Defendant's position requires extensive review of documents to attempt to evaluate the legal positions." (ECF No. 15, PageID.133). Plaintiff filed a response in opposition to Defendant's motion on May 28, 2024, arguing that Defendant has not demonstrated good cause for: (A) failing to file a response to the motion for summary judgment by April 25, 2024; (B) failing to obtain counsel until late in the

2

day before the May 15, 2024 status conference; (C) failing to attend the May 15, 2024 status conference; and (D) failing to file the present motion to extend the deadline prior to the April 25, 2024 deadline to respond to the summary judgment motion.  (ECF No. 17, PageID.151-52).

Federal Rule of Civil Procedure 6(b)(1) states:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1).  In this case, Defendant did not file a motion to extend the time to respond before the deadline,[1] and the court must now consider whether their failure to act was based on excusable neglect.  Fed. R. Civ. P. 6(b)(1)(B). To determine whether a party's failure to act was excusable neglect, the court must balance five principal factors: "(1) the danger of prejudice to the nonmoving

---

[1] Defendant's response to Plaintiff's motion for summary judgment was originally due on March 25, 2024.  However, the Court's March 19, 2024 Order stayed this deadline for 30 days, making the deadline April 25, 2024.  At the April 16, 2024 status conference, when Defendant noted he still had not obtained substitute counsel, the court informally extended this deadline to May 15, 2024, the date of the next status conference.  Defendant has yet to file a response to Plaintiff's motion for summary judgment and, as such, any request for an extension is made "after the time has expired."

3

party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). First, the court finds there is a danger of prejudice to Plaintiff insofar as Defendant's failure to file a timely answer has delayed the Court's adjudication of their dispositive motion. *See Wilkerson v. Jones*, 211 F. Supp. 2d 856, 858-59 (E.D. Mich. 2002) ("it is clear that Respondent's delay in answering his petition would prejudice Petitioner substantially insofar as it would delay this Court's adjudication of this case."). However, Defendant's motion proposes only a short additional extension to this delay, seeking only until June 6, 2024 to file their response. (ECF No. 15, PageID.134). As to the third factor, the reason for this delay was initially due to the emergency withdrawal of Defendant's prior counsel based on sudden health issues, however this has since been extended by Defendant's failure to timely hire substitute counsel. (ECF No. 9, PageID.122). As to the fourth factor, the court gave Defendant a number of chances to obtain substitute counsel, but they did not do so until the night before the court's May 15, 2024 status conference. (ECF No. 15, PageID.133). Finally, as to the fifth

4

factor, there is no evidence in the record suggesting Defendant directly acted in bad faith.

Considering the totality of the circumstances, the court agrees that Defendant's delay in responding to Plaintiff's motion for summary judgment was due to excusable neglect, initiated by the sudden withdrawal of their attorney. Further, given that Defendant's counsel was not retained until the night before the May 15, 2024 status conference and did not have an opportunity to file a full response before the deadline, the court finds there is good cause to grant Defendant's motion and allow a brief extension. Defendant now has until June 6, 2024 to file a response to Plaintiff's motion for summary judgment. Plaintiff will then have until June 13, 2024 to file a reply to Defendant's response, if they so choose. However, the court also notes that the risk of prejudice to Plaintiff continues to increase with each delay, and cautions that, if Defendant fails to file a response to Plaintiff's motion by June 6, 2024, no additional time will be given and the court will decide the pending motion on the written pleadings.

**SO ORDERED**.

Date: May 29, 2024

s/F. Kay Behm
F. Kay Behm
United States District Judge